UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-10065-CIV-LEIBOWITZ

TALIA MAREK, *et al.*,

     Plaintiffs,

v.

KAHUNAS DEERFIELD BEACH, LLC, *et al.*,

     Defendants.

_____/

### REPORT AND RECOMMENDATION

Following a referral from the Hon. David S. Leibowitz, this matter is before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice, ECF No. 37. More specifically, recognizing that "[i]n all FLSA cases resolved by way of settlement, judicial review and approval of the settlement is necessary to give the settlement final and binding effect" in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), Judge Leibowitz referred the parties' joint motion to the undersigned for a report and recommendation.  ECF No. 40.

After careful consideration of the parties' filings, the arguments and representations made at the fairness hearing held in this case, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned finds that the settlement in this matter is a fair and reasonable resolution of a bona fide dispute in accordance with *Lynn's Food Stores* and, accordingly, **RESPECTFULLY RECOMMENDS** that the parties' joint motion, ECF No. 37, be **GRANTED**.

In furtherance of Judge Leibowitz's referral, the undersigned held a fairness hearing

pursuant to *Lynn's Food Stores* on May 26, 2026.  *See* ECF No. 41, 42.  At that hearing, the parties explained that the settlement in this case was the result of the resolution of a bona fide dispute concerning many issues.  Indeed, the parties have explained that there were numerous genuinely disputed issues in this case, both legal and factual, concerning the application and coverage of the FLSA and the computation of damages.  *See, e.g.*, ECF No. 37 at 7, 11; *see also* ECF Nos. 20-23.  As examples, there were disputed issues concerning the sharing of tips by an employee who had served at times in a managerial capacity and at times as a bartender working alongside Plaintiffs, there were disputes concerning the number of hours worked by Plaintiffs, and there were disputes concerning Plaintiffs' entitlement to liquidated damages.

Nonetheless, as part of the parties' settlement, Plaintiff Marek will be paid $47,650.00, which is twice the amount of the wages that she and her attorney claimed she was owed, and Plaintiff Luecke will be paid $20,400.00, which is twice the amount of the wages that she and her attorney claimed she was owed.  ECF No. 37 at 4-5; ECF No. 37-1 at 2-3.  Although Defendants dispute that wages are owed to Plaintiffs, the amount of the wages that are owed, and Plaintiffs' entitlement to liquidated damages, they agreed to pay these amounts, which fully compensate Plaintiffs for the claimed hours of work, to resolve the disputes between the parties.  As the parties have explained, they

> agree the negotiated terms of the Settlement Agreement are fair and equitable considering the strengths and weaknesses of the parties' respective positions.  In this action, Plaintiffs calculated the amount allegedly owed as unpaid minimum wages and liquidated damages and proposed a settlement to Defendants in that amount, plus attorney's fees and costs.  Defendants, rather than engage in litigation and in order to end the current litigation and any other litigation with Plaintiffs, agreed to pay 100% of Plaintiff's minimum wage demand and additional consideration in exchange for Defendants' receipt of certain non-monetary terms and conditions.

ECF No. 37 at 5.  The non-monetary terms and conditions of the settlement agreement that were

2

referenced by the parties and that were supported by the additional monetary consideration furnished by Defendants include mutual general releases, ECF No. 37-1 at 5-6; Plaintiffs' agreement not to seek reemployment with Defendants, ECF No. 37-1 at 8, a provision which formalizes the parties' explicitly expressed interests and desires "to completely sever all relations" and to not "resume the[ir] relationship or to work with the other again," ECF No. 37 at 9; mutual non-disparagement clauses and Defendants' promise to provide neutral employment references for Plaintiffs, ECF No. 37-1 at 9; and, although their settlement agreement and Joint Motion for Approval of Settlement and Dismissal with Prejudice have been filed on the public docket, a confidentiality provision in which all parties agree to limit the further disclosure and dissemination of the circumstances surrounding this lawsuit and the terms of their settlement, ECF No. 37-1 at 8-9, which is in keeping with Plaintiffs' expressed "desire to keep the Settlement Agreement private and confidential for Plaintiffs' own purposes," ECF No. 37 at 9-10.

Based upon a review of the record in this matter and the fairness hearing held in this case, the undersigned is satisfied with the parties' representations concerning their resolution of the disputes presented in this case and finds that the settlement in this case is a fair and reasonable resolution of a bona fide dispute. Indeed, the parties' settlement of this action was achieved through the representation of all parties by experienced counsel, and their settlement is the result of a bona fide compromise among them on a variety of disputes of law and fact. The settlement negotiated and reached by the parties reflects a fair and reasonable compromise of the disputed issues that, given the circumstances present in this case, does not afoul of the purposes of the FLSA.

The Court also finds that the amount of the settlement that is designated as fees and costs for Plaintiffs' counsel—which was negotiated separately from the amount to be paid to the

Plaintiff, *see* ECF No. 37 at 6—is reasonable. Here, Plaintiffs' counsel billed over $30,000 in attorneys' fees for communicating with Plaintiffs about the case, drafting pleadings and settlement documents, conducting discovery, reviewing time and pay records, litigating contested discovery issues, communicating with Defendants' counsel, conducting legal research, and participating in settlement negotiations. Plaintiffs' counsel also incurred costs in the course of representing Plaintiffs. Under these circumstances, the undersigned finds that the portion of the settlement designated for attorney's fees and costs ($26,550) is fair and reasonable.*

Given these circumstances, the undersigned finds that the settlement in this matter is a fair and reasonable resolution of a bona fide dispute in accordance with *Lynn's Food Stores* and **RESPECTFULLY RECOMMENDS** that the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice, ECF No. 37, be **GRANTED** and that the Court **APPROVE** the parties' settlement and **DISMISS THIS CASE WITH PREJUDICE**, retaining jurisdiction, as requested by the parties, for 120 days to enforce the terms of the parties' settlement.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to **EXPEDITE** the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable David S. Leibowitz, United States District Judge. Accordingly, as agreed to by the parties at the fairness hearing in this matter, the parties shall have **until May 28, 2026** to file and serve any written objections to this Report and Recommendation. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate

---

* The undersigned also finds, given counsel's representations at the fairness hearing concerning his billings in this case, that the effective hourly rate (less than $350 per hour) for the services provided by Plaintiffs' attorneys is reasonable given the circumstances involved in this case.

4

review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

  **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 26th day of May, 2026.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. David S. Leibowitz
   Counsel of Record